**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
LVNV Funding, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONDRA FUJIWARA,<br><br>          Plaintiff,<br><br>     vs.<br><br>LVNV FUNDING, LLC; DOES 1-10 inclusive,<br><br>          Defendants. | Case No.: 3:17-cv-04312-MEJ<br><br>**DEFENDANT LVNV FUNDING, LLC'S ANSWER TO COMPLAINT** |

Defendant LVNV Funding, LLC ("Defendant") hereby answers the Complaint of Plaintiff Leondra Fujiwara ("Plaintiff"), as follows:

## I. INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendant admits only that Plaintiff purports to allege violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a). Defendant denies violating these statutes. As a further responses, Defendant denies these allegations to the extent they misstate the law.

## II. PARTIES

2. Answering Paragraph 2 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them. Further, the allegations consist of legal conclusions to which no response is required.

3. Answering Paragraph 3 of the Complaint, Defendant states that the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations that it is a debt collector under the RFDCPA or FDCPA or an information furnisher under the CCRAA.

4. Answering Paragraph 4 of the Complaint, Defendant states that the allegations consist of legal conclusions to which no response is required.

5. Answering Paragraph 5 of the Complaint, Defendant states that the allegations consist of legal conclusions to which no response is required.

## III. FACTUAL ALLEGATIONS

6. Answering Paragraph 6 of the Complaint, Defendant denies these allegations.

7. Answering Paragraph 7 of the Complaint, Defendant denies these

– 3 –

1 allegations.

2 8. Answering Paragraph 8 of the Complaint, Defendant denies these
3 allegations.

4 9. Answering Paragraph 9 of the Complaint, Defendant denies these
5 allegations.

6 10. Answering Paragraph 10 of the Complaint, Defendant denies these
7 allegations.

8 11. Answering Paragraph 11 of the Complaint, Defendant states that these
9 allegations consist of legal conclusion to which no response is required.

10 12. Answering Paragraph 12 of the Complaint, Defendant denies these
11 allegations.

12 13. Answering Paragraph 13 of the Complaint, Defendant denies these
13 allegations.

14 14. Answering Paragraph 14 of the Complaint, Defendant denies these
15 allegations.

16 15. Answering Paragraph 15 of the Complaint, Defendant denies these
17 allegations.

18 16. Answering Paragraph 16 of the Complaint, Defendant denies these
19 allegations.

20 17. Answering Paragraph 17 of the Complaint, Defendant is without
21 sufficient knowledge or information to form a belief as to the truth of the allegations,
22 and on that basis, denies them.

23 18. Answering Paragraph 18 of the Complaint, Defendant denies these
24 allegations.

25 19. Answering Paragraph 19 of the Complaint, Defendant is without
26 sufficient knowledge or information to form a belief as to the truth of the allegations,
27 and on that basis, denies them.

28 20. Answering Paragraph 20 of the Complaint, Defendant denies these

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

allegations.

21. Answering Paragraph 21 of the Complaint, Defendant denies these allegations.

22. Answering Paragraph 22 of the Complaint, Defendant denies these allegations.

23. Answering Paragraph 23 of the Complaint, Defendant denies these allegations.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

24. Answering Paragraph 24 of the Complaint, Defendant incorporates by reference its responses to the previous paragraphs as though fully set forth therein.

25. Answering Paragraph 25 of the Complaint, Defendant denies these allegations.

26. Answering the PRAYER FOR RELIEF on page 5, lines 16-19 of the Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever, including without limitation statutory damages, costs, and equitable relief.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

27. Answering Paragraph 26 of the Complaint, Defendant incorporates by reference its responses to the previous paragraphs as though fully set forth therein.

28. Answering the PRAYER FOR RELIEF on page 5, lines 26-28 of the Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever, including without limitation statutory damages, costs, and equitable relief.

## COUNT III: VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

29. Answering Paragraph 27 of the Complaint, Defendant incorporates by reference its responses to the previous paragraphs as though fully set forth therein.

30. Answering Paragraph 28 of the Complaint, Defendant states that the

– 5 –

allegations consist of legal conclusions to which no response is required.

31. Answering Paragraph 29 of the Complaint, Defendant states that the allegations consist of legal conclusions to which no response is required.

32. Answering Paragraph 30 of the Complaint, Defendant states that the allegations consist of legal conclusions to which no response is required.

33. Answering Paragraph 31 of the Complaint, Defendant denies these allegations.

34. Answering Paragraph 32 of the Complaint, Defendant denies these allegations.

35. Answering the PRAYER FOR RELIEF on page 6, lines 25-27 of the Complaint. Defendant denies that Plaintiff is entitled to any relief whatsoever, including without limitation statutory damages, costs, and equitable relief.

36. Answering Paragraph 33 of the Complaint, to the extent that Plaintiff demands a trial by jury on all issues so triable, no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

37. Plaintiff fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

39. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

### FOURTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate her alleged damages, if any.

**FIFTH AFFIRMATIVE DEFENSE**

41. Defendant expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

**SIXTH AFFIRMATIVE DEFENSE**

42. Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

**SEVENTH AFFIRMATIVE DEFENSE**

43. Defendant's conduct was privileged or justified.

**EIGHTH AFFIRMATIVE DEFENSE**

44. Plaintiff has waived any and all claims, rights and demands made in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

45. Defendant at all times acted in accordance with the RFDCPA, FDCPA, and CCRAA, including timely conducting a reasonable investigation upon notice of any alleged dispute.

**TENTH AFFIRMATIVE DEFENSE**

46. Defendant at all times acted in good faith and in accordance with reasonable commercial standards, and complied fully with the RFDCPA, FDCPA, and CCRAA.

**ELEVENTH AFFIRMATIVE DEFENSE**

47. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

**TWELFTH AFFIRMATIVE DEFENSE**

48. Plaintiff's claims may be barred because the acts or omissions of which

Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

### THIRTEENTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

### FOURTEENTH AFFIRMATIVE DEFENSE

50. Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

51. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

### SIXTEENTH AFFIRMATIVE DEFENSE

52. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

53. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

54. If Plaintiff prevails against Defendant, Defendant's liability is several and limited to their own actionable segment of fault, if any.

### NINETEENTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims may be barred because Defendant, within 15 days of either after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, made adjustments or corrections necessary to cure the

violation with respect to Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

56. Defendant is entitled to a set-off against any award to Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred because she did not suffer an injury-in-fact.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

58. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserve the right to amend its Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. For its costs of suit herein;
3. For attorney's fees to the extent available by law or contract; and
4. For such other and further relief as this Court may deem just and proper.

DATED: August 4, 2017

                                          YU | MOHANDESI LLP

                                          By  */s/ Ben Mohandesi*
                                              B. Ben Mohandesi
                                              Jordan S. Yu
                                              Attorneys for Defendant
                                              LVNV Funding, LLC

# CERTIFICATE OF SERVICE

I certify that on August 4, 2017, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system as described below. Parties may access this filing through the Court's system. A copy of the foregoing was also mailed via United States Postal Service to Plaintiff's Counsel:

> Todd M. Friedman, Esq.
> Adrian R. Bacon, Esq.
> Meghan E. George, Esq.
> Thomas E. Wheeler, Esq.
> Law Offices of Todd M. Friedman, P.C.
> 21550 Oxnard St., Suite 780
> Woodland Hills, CA 91367

DATED: August 4, 2017

YU | MOHANDESI LLP

By */s/ Ben Mohandesi*
B. Ben Mohandesi
Jordan S. Yu
Attorneys for Defendant
LVNV Funding, LLC